**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.B.-1, A.L., K.B.-2, and D.B.**

**No. 19-0236** (Pocahontas County 18-JA-09-RR, 18-JA-10-RR, 18-JA-11-RR, and 18-JA-12-RR)

## MEMORANDUM DECISION

Petitioner Father R.B., by counsel Eric M. Francis, appeals the Circuit Court of Pocahontas County's February 6, 2019, order terminating his custodial and parental rights to K.B.-1, A.L., K.B.-2, and D.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, R. Grady Ford, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motions to extend his post-adjudicatory improvement period or, alternatively, for a post-dispositional improvement period, and terminating his custodial and parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner failed to seek adequate medical care for K.B.-1 in January of 2018. According to the DHHR, K.B.-1 suffered a puncture wound and significant bruising to his leg caused by a pellet gun. The wound went untreated for at least fourteen days. The DHHR alleged that petitioner and the mother agreed to participate in an in-home safety plan in March of 2018. The DHHR initiated multiple services, including drug screening, parenting classes, and in-home supervision, to be completed over the course of three months. However, the DHHR alleged that petitioner and the mother failed to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them as K.B.-1 and K.B.-2, respectively, throughout this memorandum decision.

1

participate in the services. In May of 2018, the DHHR interviewed the children at school and learned that petitioner and the mother instructed them not to talk to Child Protective Services ("CPS") workers. Additionally in May of 2018, the DHHR alleged that the children witnessed petitioner initiate a fight in the community during which petitioner struck his victim with a gun and cut his chest with "a dull kitchen knife." Finally, the DHHR alleged that K.B.-1, A.L., and K.B.-2 all had more than ten unexcused absences from school and that the school filed truancy charges against the parents.

In June of 2018, petitioner stipulated to adjudication. The circuit court accepted petitioner's stipulation and adjudicated the children as abused children and petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance. Finally, the circuit court ordered the DHHR to provide services to the parents.

The circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period in July of 2018 and granted the motion. During a colloquy with the circuit court, petitioner acknowledged and agreed to the terms of his improvement period, which included parenting and adult life skills classes, a psychological evaluation, a substance abuse evaluation and compliance with its recommendations, a substance abuse treatment program, and supervised visitations. The circuit court granted petitioner a three-month improvement period. In November of 2018, the circuit court held a review hearing.[2] The DHHR moved to set the case for a dispositional hearing and alleged that petitioner failed to participate in drug screening, parenting and adult life skills classes, or substance abuse treatment. Petitioner did not oppose the DHHR's motion.

The circuit court continued the dispositional hearing scheduled in December of 2018 after the mother entered into a detoxification program. Petitioner's counsel indicated that he was willing to enter the program, but the facility refused to treat both parents simultaneously. The circuit court questioned petitioner regarding his desire to attend substance abuse treatment, and petitioner admitted that he abused marijuana, methamphetamine, amphetamine, and Suboxone. However, petitioner asserted that he only needed a detoxification program, rather than inpatient substance abuse treatment. The circuit court warned petitioner that a detoxification program "fell far short of the type of substance abuse treatment required to make a serious showing that the issues of abuse and neglect could be remedied."

The circuit court held two dispositional hearings in January of 2019. During the hearings, the DHHR presented evidence that petitioner failed to meaningfully comply with any of the terms and conditions of his post-adjudicatory improvement period. Petitioner did not have stable housing or employment, failed to participate in a single parenting and adult life skills class, and failed to resolve his substance abuse issues or consistently participate in random drug testing. Petitioner moved for an extension of his post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period. In support, petitioner testified that he completed the detoxification program. Further, petitioner testified that he would be willing to participate in inpatient substance abuse treatment but admitted that he failed to apply for any such programs.

---

[2]The DHHR filed an amended petition in November of 2018 alleging that A.L.'s mother, S.L., abandoned that child. The amended petition contained no new allegations against petitioner.

Petitioner admitted that he failed to participate in services and asserted that he previously took parenting classes "three or four years ago" as an excuse for not participating in that service.

Ultimately, the circuit court found that petitioner failed to avail himself of the services offered during his post-adjudicatory improvement period. Further, the circuit court found that petitioner failed to prove by clear and convincing evidence that he would fully participate in a further improvement period or that he had experienced a substantial change in circumstances to warrant an additional improvement period. Based upon petitioner's failure to comply with the services provided, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests were served by the termination of petitioner's custodial and parental rights. Accordingly, the circuit court terminated petitioner's custodial and parental rights by its February 6, 2019, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for an extension of his post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period. Petitioner asserts that one of these less-restrictive alternatives to termination of his custodial and parental rights was warranted because the evidence demonstrated that he substantially complied with the terms of his post-adjudicatory improvement period. However, the evidence elicited below does not support a finding that petitioner substantially complied with the terms of his improvement period.

West Virginia Code § 49-4-610(6) provides that a circuit court may grant an extension of an improvement period when it finds "that the [parent] has substantially complied with the terms

---

[3]The mothers' custodial and parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

of the improvement period." In this case, the DHHR presented evidence that petitioner's participation in rehabilitative services was inadequate. Petitioner failed to attend parenting and adult life skills classes consistently and failed to participate in drug screening. Most importantly, petitioner admitted he had a substance abuse issue and failed to seek adequate treatment as required by the terms of his improvement period. As petitioner did not comply with multiple rehabilitative services, the circuit court correctly found that he did not substantially comply with the terms of the post-adjudicatory improvement period. Therefore, petitioner did not meet the statutory requirements necessary for the circuit court to grant him an extension of his post-adjudicatory improvement period.

Similarly, petitioner did not meet the statutory requirements to be granted a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(D) provides that a circuit court may only grant an additional improvement period following the expiration of the initial period if "the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." In this case, petitioner never expressed a change in circumstances from the post-adjudicatory improvement period. Although petitioner continued to express a willingness to participate in substance abuse treatment at the final dispositional hearing, he never took any action to seek treatment following his detoxification program. Accordingly, the circuit court could not grant petitioner's motion for a post-dispositional improvement period due to petitioner's failure to demonstrate a substantial change in circumstances.

Finally, petitioner's unwillingness to participate in rehabilitative services supported the finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future.[4] West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that situations in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as

---

[4]On appeal, petitioner asserts that the results of a parental psychological evaluation determined that he experienced "borderline intellectual functioning" and that this could account for his hesitancy in participating in rehabilitative services. However, petitioner failed to cite to the record where this evaluation was admitted as evidence or where this argument was presented before the circuit court and failed to include this evaluation in his appendix. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that the argument section contain "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignment of error were presented to the lower tribunal." Because this argument fails to comply with this Court's Rules of Appellate Procedure and is unsupported by the record on appeal, we decline to address it.

evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

In this case, petitioner did not comply with or fully participate in the rehabilitative services provided by the DHHR. As noted above, petitioner failed to remedy the conditions of neglect and abuse. Further, petitioner's unwillingness to participate rendered further rehabilitative efforts futile. Due to petitioner's failure to remedy the conditions of neglect or abuse, the children would continue to be at risk of the abuse that gave rise to the filing of the petition if returned to petitioner's care. Therefore, the circuit court correctly found that it was necessary for the children's welfare to terminate petitioner's custodial and parental rights. We find no error in the circuit court's termination of petitioner's custodial and parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 13, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison